UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES HIGGASON, | ) |
| Petitioner, | ) |
| | ) No. 3:09 CV 313 |
| v. | ) |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION and ORDER

James Higgason, a *pro se* prisoner, filed this *habeas corpus* petition challenging his loss of 30 days earned credit time.[1] Pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES, district courts are obligated to review a *habeas corpus* petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.*

In WCC 09-04-0359, a Disciplinary Hearing Body ("DHB") at Westville Correctional Center ("Westville") found Higgason guilty of rioting. The conduct report completed by Officer Beaudreau states as follows:

> On the date and time listed above [April 15, 2009, at 10:30 p.m.], Offender Higgason James DOC #194128 was screaming, 'Fuck you, Miss Drew, your [sic] a bitch! Come on everyone, let's start a riot! We can kick their asses! We can take the dorm!'

---

[1] Higgason was also punished with disciplinary segregation, but habeas relief is only available for punishment which lengthens the duration of confinement. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because this other sanction did not extend his sentence, he was not entitled to due process before it was imposed. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995); *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001).

(DE # 8-1 at 8.) The report states that Officer Smith and Sergeant Luscomb were both witnesses to the incident. (*Id.*) A hearing was held by the DHB on April 21, 2009. (DE 8-7 at 1.) Higgason denied the charges, but the DHB found him guilty based on the conduct report and the witness statements. (*Id.*)

Where prisoners lose good time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Higgason raises three claims in his petition. First, he claims that his actions did not meet the definition of rioting because no one in fact rioted. (DE # 1 at 2.) In essence, Higgason is arguing that there was insufficient evidence to find him guilty of rioting. In reviewing a DHB's decision for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is

2

any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Documents Higgason attaches to his petition show that rioting is defined as follows:

> Encouraging, directing, commanding, coercing or signaling one or more persons to participate in a disturbance to facility order caused by a group of two or more offenders which creates a risk of injury to persons or property or participating in such a disturbance or remaining in a group where some member of the group are participating in such a disturbance.

(DE # 1 at 6.) Therefore, even if no one actually took Higgason up on his suggestion, by encouraging and inciting others to "riot" and "take the dorm," his conduct met the above definition. Based on the conduct report detailing Higgason's actions, there is some evidence in the record to support the DHB's determination that he was guilty of rioting. Accordingly, this claim has no merit.

Second, Higgason claims that he was denied a lay advocate in violation of prison policy. Even assuming this is true, the violation of a prison policy is not an error that is subject to habeas relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Due process only requires access to a lay advocate in very limited circumstances, specifically, where the inmate is illiterate "or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Id.* at 570; *see also Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Higgason does

not allege that he is illiterate, and indeed, his filings in this case indicate that he is fully literate and capable of articulating his position and obtaining evidence that he believes supports his case. (*See* DE # 1, 8.) There was also nothing particularly complex about the disciplinary proceeding, as the question before the DHB was simply whether Higgason tried to incite a riot on the date in question. Accordingly, this claim has no merit.

Finally, Higgason asserts that the conduct report was "bogus" and was written in retaliation for a grievance he filed about Sergeant Luscomb. (DE # 1 at 3.) "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson*, 188 F.3d at 787 (rejecting prisoner's argument that disciplinary decision must be overturned whenever evidence shows that the officer knowingly submitted a false conduct report). Thus, even if Higgason could show that the conduct report was written with retaliatory animus, that would not be an independent basis for *habeas corpus* relief. The protections against such arbitrary action are the due process protections afforded by *Wolff*, and Higgason has not established that any of his *Wolff* rights were violated.

For the foregoing reasons, this *habeas corpus* petition is **DENIED** pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES.

**SO ORDERED.**

Date: November 25, 2009

 s/ James T. Moody          
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT